# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. HUFF, | 1:07-cv-01746 AWI SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION, WITH LEAVE TO AMEND; ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORM PETITION |
| v. | |
| THOMAS L. CAREY, | [Doc. 2] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 7, 2007, in the United States District Court for the Northern District of California. By order of November 14, 2007, the action was transferred to this Court, and filed on December 3, 2007. (Court Doc. 1.)

DISCUSSION

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

" . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in*

1

1    Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).

2         Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

3             If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the
4             petition and direct the clerk to notify the petitioner.

5         The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a
6    petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
7    respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for
8    habeas corpus should not be dismissed without leave to amend unless it appears that no tenable
9    claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th
10   Cir. 1971).

11        In the instant petition, Petitioner attaches a narrative summary of his claims for relief.
12   (Petition, attached Summary.)  However, it is not clear what constitutional violations Petitioner is
13   attempting to raise.  Nor has Petitioner demonstrated how the state courts' adjudication of the
14   claim(s) was contrary to, or an unreasonable application of clearly established Supreme Court
15   authority.

16        Petitioner did not adequately fill out the portion of the petition setting forth the grounds
17   for relief and providing a brief statement of the facts in support thereof.   Instead, petitioner
18   makes reference to the documents he submitted in support of his petition.  A petitioner may
19   submit attachments or exhibits to the petition, however, the form itself must be completed in its
20   entirety.  Petitioner must submit an amended petition filling out the portion of the petition which
21   sets forth a brief statement of the ground for relief and supporting facts thereto.  The court
22   stresses the impropriety of filing a blank petition along with attachments.  This type of filing
23   requires the court to expend a significant amount of time attempting to determine what
24   petitioner's claims are and whether he provides sufficient facts to support them.  Such
25   information can be provided in a brief manner by completing the form petition.  Moreover, it is
26   not the duty of federal courts to try to determine what might constitute a claim for relief or which
27   claims petitioner might intend to bring before the court.  Such duty is upon the individual who
28   asserts a denial of his constitutional rights.  The court will not read through a narrative

summation of the factual circumstances relating to his alleged constitutional violations in order to determine what claims he is attempting to raise. The form petition is provided to petitioner to assist in providing a brief list of claims fore relief, which enables the court to make a determination that the claim and supporting facts allege a proper denial of a constitutional right. The court cannot proceed with the case until such claims are made clear. Thus, petitioner must come forth with a statement of sufficient clarity and a brief statement of supporting facts to enable a court to understand his argument and to render a decision on the matter.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 4, 2008**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE