# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. HUFF,<br><br>                Petitioner,<br><br>        v.<br><br>THOMAS L. CAREY,<br><br>                Respondent.<br>_____/ | 1:07-cv-01746 AWI SMS (HC)<br><br>ORDER REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS; GRANTING PETITIONER LEAVE TO FILE SECOND AMENDED PETITION<br><br>[Doc. 7] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 7, 2007, in the United States District Court for the Northern District of California. By order of November 14, 2007, the action was transferred to this Court, and filed on December 3, 2007. (Court Doc. 1.) On January 4, 2008, the Court dismissed the petition, with leave to amend. (Court Doc. 6.) Petitioner filed an amended petition on February 7, 2008. (Court Doc. 7.) In his amended petition, Petitioner raises the following claims for relief: 1) "Defense Coun[se]l should have objected on federal constitutional grounds when the trial court refused to admit evidence regarding the victim[']s violent character; 2) Intimidation? addressed to appel[l]ants defense attorney; 3) Misrepresentation of defense coun[se]l; 4) Appel[l]ant was deprived of his Fed[e]ral Constitutional Rights when silence of key evidence caused undue prejudice to my case; 5) Defense attorney deprived appel[l]ant of his constitutional rights to have witnesses testify on his

1

behalf; 6) Appellant's constitutional rights were violated when questionable timing and condition of evidence at the crime scene was tampered with; 7) Appellants constitutional rights were violated as 'The Law' states, 'you are in[n]ocent until proven guilty'; 8) Appel[l]ant was deprived of his constitutional rights of U.S. Constitution, Freedom of Speech; 9) Possible attempt to bribe or intimidate; 10) Jury instruction and questionable conduct of Jurors; 11) Investigation Procedures?? Non Important??; 12) Incomplete transcripts of jury trial; 13) Questionable Accounting of Records; 14) Defen[s]e Attorney had deprived appellant [of] his Federal Constitutional rights to present an effective assistance of coun[se]l, misrepresentation of defense coun[se]l throughout the entire trial; and 16) Extreme Disrespect of Defense Coun[se]l." (Amended Petition, at A-E of 12.)

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254.  Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1. Grounds One Through Five

In Grounds One through Five petitioner has plead sufficient factual circumstances giving rise to an alleged constitutional violation.

2. Grounds Six Through Sixteen

With regard to Grounds Six through Sixteen, petitioner has not plead sufficient factual circumstances rising to the level of an alleged constitutional violation. Specifically, in Ground Six, it appears that petitioner is attempting to reargue the evidence that was presented at trial. In Ground Seven, petitioner merely contends that his constitutional right was violated as the law states your are innocent until proven guilty. In Ground Eight, petitioner merely alleges that the D.A. prevented an article from being published in the newspaper. In Ground Nine, petitioner merely contends that pictures of some jurors were taken with a camera. In Ground Ten, petitioner contends that one juror was observed conversing with family members throughout the trial, and during deliberations two jurors were conversing with the general public. Petitioner fails to elaborate on these claims to demonstrate how his constitutional rights were violated thereby. In Ground Eleven, Petitioner takes issue with the crime scene investigation. In Ground Twelve, petitioner merely contends he did not get a complete copy of his transcripts. In Ground Thirteen, petitioner contends that the public defender advised him he did not have two strikes on his record. As he has done with several other allegations, this contention is merely stated with no additional description or supporting facts. In Ground Fourteen, petitioner merely states that counsel was ineffective throughout the trial; however, petitioner provides no factual support for this allegation. In Ground Fifteen, petitioner merely states what he claims is the definition of certain legal terms. This clearly does not rise to the level of a constitutional violation. Lastly, in Ground Sixteen, petitioner contends that defense counsel was disrespectful for not being present when the jury rendered its verdict. Again, petitioner has failed to set forth sufficient factual allegations giving rise to a Sixth Amendment violation.

Petitioner is advised that federal courts are not forums in which to relitigate state trials. Barefoot v. Estelle, 463 U.S. 880, 887 (1983). Rather, a writ of habeas corpus may issue only when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United

3

States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitioner's contentions are vague and conclusory devoid of any additional description or supporting facts giving rise to the alleged constitutional violation. It is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners. Rather the duty is upon the individual who asserts a denial of his constitutional rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter. Petitioner merely alleges "constitutional error" at several points in his filings. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. The court is in a quandary with respect to Petitioner's allegations raised in Grounds Six through Sixteen. The Court will grant Petitioner an opportunity to amend these claims, prior to dismissal for failure to state a cognizable claim.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. The amended petition should be clearly and boldly titled "SECOND AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220;

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254;

3. Plaintiff is advised that Local Rule 15-220 requires that an amended petition be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original petition.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended petition, the original pleading no longer serves any function in the case.  Therefore, in an amended petition, as in an original petition, each claim and the involvement of each defendant must be sufficiently alleged; and,

4. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   February 25, 2008**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE