# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. HUFF, | 1:07-cv-01746 AWI SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| THOMAS L. CAREY, | [Doc. 8] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 7, 2007, in the United States District Court for the Northern District of California.  By order of November 14, 2007, the action was transferred to this Court, and filed on December 3, 2007.  (Court Doc. 1.)  On January 4, 2008, the Court dismissed the petition, with leave to amend.  (Court Doc. 6.)  Petitioner filed an amended petition on February 7, 2008.  (Court Doc. 7.)  On February 26, 2008, the Court dismissed the amended petition and directed Petitioner to file a second amended petition within thirty days from the date of service.  (Court Doc. 8.)  Petitioner has not filed a second amended petition or otherwise responded to the Court's order.[1]

---

[1] In fact, on March 10, 2008, the order was returned to the Court as undeliverable with a notation "unable to locate." (Court Doc. 9.)  Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address.  Absent such notice, service of documents at the prior address of record of the party is effective service.  Local Rule 83-182(f).

1

1    Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these
2 Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
3 and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
4 power to control their dockets and "in the exercise of that power, they may impose sanctions
5 including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d
6 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
7 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
8 See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
9 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
10 comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
11 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
12    In determining whether to dismiss an action for lack of prosecution, the Court must
13 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
14 Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
15 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
16 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
17 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
18 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
19 case has been pending since December 3, 2007.  The Court's order of February 26, 2008,
20 specifically stated: "Petitioner is forewarned that his failure to comply with this order may result
21 in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110."  (Court
22 Doc. 8, at 5.)  The Court cannot hold this case in abeyance indefinitely awaiting compliance by
23 Petitioner.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal,
24 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
25 action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
26 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
27 of dismissal discussed herein.  Finally, given Petitioner's noncompliance with the Court's order,
28 no lesser sanction is feasible.

1         Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
2  Petitioner's failure to prosecute.  This Findings and Recommendation is submitted to the United
3  States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
4  (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
5  Eastern District of California.  Within thirty (30) days after being served with a copy, any party
6  may file written objections with the court and serve a copy on all parties.  Such a document
7  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies
8  to the objections shall be served and filed within ten (10) court days (plus three days if served by
9  mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling
10 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
12 Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 IT IS SO ORDERED.
14 **Dated:     April 16, 2008**                    /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE