# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. HUFF, | 1:07-cv-01746 AWI SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 19] |
| THOMAS L. CAREY, | |
| Respondent. | |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following a conviction in the California Superior Court, County of Merced for first degree murder, possession of a firearm by a felon, unlawful possession fo ammunition, and unlawful possession of a controlled substance.  (Sec. Amd. Pet. at 1.)

Petitioner filed a timely notice of appeal.  On November 1, 2006, the California Supreme Court denied his petition for review. In his petition, Petitioner presented the following two claims: (1) his second degree murder conviction was not supported by substantial evidence; and (2) the trial court committed reversible federal constitutional error by denying his motion to

---

[1] This information is derived from the second amended petition and Respondent's motion to dismiss. (Court Docs. 14, 19.)

admit reputation evidence regarding the decedent's violent character pursuant to the California

Evidence Code.  (Lodged Doc. No. 1.)

Petitioner did not file any state post-conviction collateral petitions.

Petitioner filed the instant petition for writ of habeas corpus on November 14, 2007, in

the United States District Court for the Northern District of California.  The petition was

transferred and filed in this Court on December 3, 2007.  (Court Doc. 2.)  Thereafter, Petitioner

filed an amended petition on February 7, 2008, and a second amended petition on July 7, 2008.

(Court Docs. 7, 14.)

Respondent filed the pending motion to dismiss on September 5, 2008.  (Court Doc. 19.)

Petitioner did not file an opposition.

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to

Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the

ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915

F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254

Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

authority under Rule 4.

B.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

2

1  opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

2  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct.

3  1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

4        A petitioner can satisfy the exhaustion requirement by providing the highest state court

5  with a full and fair opportunity to consider each claim before presenting it to the federal court.

6  <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828,

7  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

8  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

9  factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

10  basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11  Additionally, the petitioner must have specifically told the state court that he was raising a

12  federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133

13  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

14  violated his due process rights "he must say so, not only in federal court but in state court."

15  <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

16  insufficient to present the "substance" of such a federal claim to a state court.  <u>See</u> <u>Anderson v.</u>

17  <u>Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

18  that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v.</u>

19  <u>Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

20  must include reference to a specific federal constitutional guarantee, as well as a statement of the

21  facts which entitle the petitioner to relief.").

22        Additionally, the petitioner must have specifically told the state court that he was raising

23  a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666,

24  669 (9th Cir.2000), <em>amended</em>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

25  Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States

26  Supreme Court reiterated the rule as follows:

27        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
28       state courts in order to give the State the "'opportunity to pass upon and correct

alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

The instant action is proceeding on the second amended petition, which raises the following seven claims for relief: (1) "Defense Coun[se]l should have objected on federal constitutional grounds when the Trial court refused to admit evidence regarding the victim's (Sherry) violent character"; (2) "Misconduct on the part of prosecutor attorney (Ms. Helms) and assistance Defense coun[se]l (Ms. Gates). Intimidation of Gates by Helms.  Denied defendant of effective counsel"; (3) "Misrepresentation by ineffective defense counsel"; (4) "Appellant was deprived of his Federal Constitutional Rights when silence of key evidence caused undue prejudice to my case'"; (5) "Defense attorney deprived appellant of his constitutional rights to have witnessed [sic] testify on his behalf"; (6) "Appellants constitutional rights were violated when trial transcripts sent to defendants state appeal attorney were shorted [sic] by 50 pages"; and (7) "Appellants constitutional rights were violated when standard police procedures were not followed securing the crime scene depriving the defendant valuable evidence[.]" (Sec. Amd. Pet.

1  at A-21-D-21.)

2      Respondent argues that only Ground 1 and part of Ground 4 have been exhausted, and the

3  remaining claims are all unexhausted.  Respondent is correct.  The only operative filing in the

4  California Supreme Court is the petition for review filed on August 30, 2006, which raised the

5  following two claims: (1) his second degree murder conviction was not supported by substantial

6  evidence; and (2) the trial court committed reversible federal constitutional error by denying his

7  motion to admit reputation evidence regarding the victim's violent character pursuant to the

8  California Evidence Code. (Lodged Doc. No. 1.)  Accordingly, the second amended petition is

9  subject to dismissal, without prejudice.  Rose v. Lundy, 455 U.S. at 510.  However, prior to

10  dismissal of the entire petition, the Court must afford Petitioner the opportunity to withdraw the

11  unexhausted claims and proceed on the exhausted claims only.  Id.; see also Jefferson v. Budge,

12  419 F.3d 1013, 1016 (9th Cir. 2005).

13                                    RECOMMENDATION

14      Based on the foregoing, it is HEREBY RECOMMENDED that:

15  1.      Petitioner is GRANTED thirty (30) days from the date of service of this

16          recommendation to file a motion to withdraw the unexhausted claims; and

17  2.      In the alternative, if Petitioner does not file the motion, Respondent's motion to

18          dismiss the second amended petition for writ of habeas corpus will be granted,

19          and the petition will be dismissed, without prejudice.[2]  This dismissal will not bar

20          Petitioner from returning to federal court after exhausting available state remedies.

21  _____

22      [2]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from
returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on
23  filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

24          [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed
            petition to instruct an applicant that upon his return to federal court he is to bring only
25          exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made
            aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
26          claims before returning to federal court.  The failure to comply with an order of the court
            is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

27  Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to
federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with
28  prejudice.

1        However, this does not mean that Petitioner will not be subject to the one year

2        statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations

3        period is tolled while a properly filed request for collateral review is pending in

4        state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is

5        pending in federal court. <u>Duncan v. Walker</u>, 531 U.S. 991 (2001).

6     This Findings and Recommendation is submitted to the assigned United States District

7 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

8 the Local Rules of Practice for the United States District Court, Eastern District of California.

9 Within thirty (30) days after being served with a copy, any party may file written objections with

10 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

11 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

12 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

13 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

14 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

15 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

16 Cir. 1991).

17 IT IS SO ORDERED.

18 **Dated:   October 21, 2008**          **/s/ Sandra M. Snyder**
                                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28